IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN O. HAFEN, in his capacity as Court-Appointed Receiver,<br><br>Plaintiff,<br><br><br>v.<br><br>GRANT WALKER, an individual; and LUCY WALKER, an individual,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br><br>Case No. 2:19-cv-00918-TC<br><br>Judge Tena Campbell |

Before the court is a motion for summary judgment (ECF No. 45) against Defendants

Grant Walker and Lucy Walker (the Walkers) filed by Plaintiff Jonathan O. Hafen, the court-

appointed Receiver over the assets of Rust Rare Coin, Inc., Gaylen Dean Rust, R Legacy Racing

Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, the

Receivership Defendants).  This action is ancillary to litigation involving the Receivership

Defendants.  See Commodity Futures Trading Comm'n v. Rust Rare Coin, Case No. 2:18-cv-

892.  For the following reasons, the court grants the motion.

**BACKGROUND**

The Commodity Futures Trading Commission (CFTC) and the Utah Division of

Securities (UDOS) initiated a civil enforcement action against the Receivership Defendants on

November 13, 2018.  (Compl., ECF No. 1 in Case No. 2:18-cv-892.)  The CFTC and UDOS

alleged the Receivership Defendants had offered an investment opportunity (the Silver Pool),

through which the Receivership Defendants claimed to generate substantial returns for investors

by buying and selling physical silver.  (Id.)  The CFTC and UDOS also alleged the Silver Pool

was a Ponzi scheme, rather than a legitimate investment.  (Id.)

As part of the action against the Receivership Defendants, the court appointed Jonathan

O. Hafen (the Receiver) as Temporary Receiver for the assets of the Receivership Defendants.

(Order, Nov. 15, 2018, ECF No. 22 in Case No. 2:18-cv-892.)  On November 27, 2018, the court

entered an order that, among other things, continued the Receiver's appointment until further

order of the court.  (Order, Nov. 27, 2018, ECF No. 54 in Case No. 2:18-cv-892.)  The Receiver

was charged with several tasks, including the investigation of the financial and business affairs

of the Receivership Defendants and the recovery of the assets of the Receivership estate.  (Id.)

On November 15, 2019, the Receiver filed the above-captioned ancillary action, seeking

to recover funds transferred to the Defendants.[1]  (See Compl., ECF No. 2.)  On November 12,

2024, the Receiver filed the pending Motion for Summary Judgment against the Walkers.  (ECF

No. 45.)  The Receiver alleges that the Walkers received $14,998.81 in excess of the

contributions they made to the Silver Pool and seeks to recover this amount.  The Walkers did

not respond to the motion and the time for filing such a response has passed.

## LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  Material facts are those that might affect the outcome of the case.  See Birch v.

---

[1] In the original Complaint (ECF No. 2) and an Amended Complaint (ECF No. 3), the action
included six additional defendants: Daniel Haddock, Andrew Holt, Jeffrey H. Johnson, Danilo
Jair Sanchez, Kendall Packer, and Alex Walker.  The Receiver voluntarily dismissed four of
these defendants (see Notices of Voluntary Dismissal, ECF Nos. 27–28), and entered default
judgment against two defendants (see Default J., ECF No. 40).

Polaris Indus., Inc., 812 F.3d 1238, 1251 (10th Cir. 2015) ("Only disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment.").  "At the summary judgment stage, evidence need not be submitted 'in a

form that would be admissible at trial.'"  Argo v. Blue Cross Blue Shield of Kan., Inc., 452 F.3d

1193, 1199 (10th Cir. 2006) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  But

courts should disregard statements that could not be presented at trial in any admissible form.

See id.

Once the movant shows there is an absence of a genuine dispute of material fact, Celotex,

477 U.S. at 323, the burden shifts to the nonmoving party to "set forth specific facts showing that

there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

"[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

"[W]hile [courts] draw all reasonable inferences in favor of the non-moving party, 'an inference

is unreasonable if it requires a degree of speculation and conjecture that renders [the factfinder's]

findings a guess or mere possibility.'"  GeoMetWatch Corp. v. Behunin, 38 F.4th 1183, 1200

(10th Cir. 2022) (quoting Pioneer Ctrs. Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus

Fin., N.A., 858 F.3d 1324, 1334 (10th Cir. 2017)).

## ANALYSIS

In multiple ancillary actions, this court has found that the Silver Pool operated as a Ponzi

scheme.  See Hafen v. Famulary, No. 2:19-cv-627, 2021 WL 229356, at *4–5 (D. Utah Jan. 22,

2021); Hafen v. Brimley, No. 2:19-cv-875, 2021 WL 1424713, at *5 (D. Utah Apr. 15, 2021);

Hafen v. Evans, No. 2:19-cv-895, 2021 WL 3501658, at *3 (D. Utah Aug. 9, 2021); Hafen v.

Howell, No. 2:19-cv-813, 2023 WL 2188566 (D. Utah Feb. 23, 2023).  And the Tenth Circuit

recently affirmed a judgment against a defendant where this court held that there was no genuine dispute of material fact about whether the Silver Pool was a Ponzi scheme. Hafen v. Howell, 121 F.4th 1191, 1200 (10th Cir. 2024) (upholding judgment against Leslie Howell but remanding for further proceedings about the appropriate value of the judgment against Gretchen Howell).

The court therefore need not repeat the relevant facts here. For the reasons stated in the Receiver's memorandum in support of his motion (see ECF No. 45 at 10–13), the court finds that the Silver Pool operated as a Ponzi scheme. See also Howell, 2023 WL 2188566, at *5–7.

Under the Utah Uniform Voidable Transactions Act (UVTA), a transfer is voidable "if the debtor made the transfer … with actual intent to hinder, delay, or defraud any creditor of the debtor." Utah Code Ann. § 25-6-202(1)(a). The UVTA allows a creditor to obtain "avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." Id. § 25-6-303(1)(a); see also id. § 25-6-304(2)(a) ("[T]o the extent a transfer is avoidable in an action by a creditor under Subsection 25-6-303(1)(a), … the creditor may recover judgment for the value of the asset transferred."). "In the context of a Ponzi scheme . . . 'the mere existence of a Ponzi scheme is sufficient to establish a defendant's actual intent to defraud.'" Hafen v. Brimley, 2021 WL 1424713, at *4 (quoting Klein v. Nelson, No. 13-cv-497, 2015 WL 4545748, at *2 (D. Utah July 28, 2015)); see also Wing v. Dockstader, 482 F. App'x 361, 363 (10th Cir. 2012). "[A] receiver of an entity which was used to perpetrate a Ponzi scheme has standing to recover fraudulent transfers as though the receiver were a creditor of the scheme." Brimley, 2021 WL 1424713, at *4 (quoting Dockstader, 482 F. App'x at 363).

Where a Receiver "establishes that the debtor operated as a Ponzi scheme, all transfers by the debtor entity are presumptively fraudulent and are subject to avoidance." Id. at *5; see also Howell, 121 F.4th at 1200 (clarifying that Tenth Circuit precedent concerning the Ponzi

4

presumption in cases involving Utah's Uniform Fraudulent Transfer Act extends to the UVTA).

"The recipient of funds from the Ponzi scheme then bears the burden of demonstrating that

(1) the funds were received in good faith and (2) in exchange for reasonably equivalent value."

Brimley, 2021 WL 1424713, at *4 (citing Klein v. King & King & Jones, P.C., No. 2:12-cv-51,

2013 WL 4498831, at *2 (D. Utah Aug. 19, 2013)).  "[A]n investor in a Ponzi scheme does not

exchange reasonably equivalent value for payments which exceed the investor's

investments."  Miller v. Wulf, 84 F. Supp. 3d 1266, 1274 (D. Utah 2015).  And because the

Silver Pool operated as a Ponzi scheme, "amounts received by investors in excess of their

principal investment—i.e., an investor's 'profits' from the scheme—[were] not received in

exchange for reasonably equivalent value and must be returned to the Receivership Estate."

Brimley, 2021 WL 1424713, at *5.

　　　Accordingly, the Receiver need only establish that the Walkers received distributions in

excess of their initial investment to the Silver Pool and calculate the amount of that difference.

The Receiver supports his computation of that amount with a declaration from Jeffrey T. Shaw,

CPA, CFE, CIRA.  (Decl. Jeffrey T. Shaw, ECF No. 45-4.)  The court has carefully reviewed

Mr. Shaw's declaration and supporting exhibits and agrees with Mr. Shaw's conclusions—

namely, that the Walkers invested $13,355.59 into the Silver Pool between December 26, 2012,

and June 23, 2015 (id. ¶ 12 & 12–24), and received disbursements from the Receivership

Defendants totaling $28,354.40 from March 24, 2014, to April 25, 2016 (id. ¶ 13 & 12, 25–30).

The court therefore agrees with the Receiver that the Walkers received $14,998.81 in excess of

their investments.

　　　The Receiver requests prejudgment interest on this amount.  The court agrees with the

Receiver that prejudgment interest from the last date a distribution could have been made—

April 25, 2016—is appropriate here.  The Tenth Circuit has previously upheld the award of

prejudgment interest at a rate of 5% per annum to a receiver for a fraudulent transfer claim

because prejudgment interest "compensates for the loss of use of the money" and "[u]nder

fairness and equity principles, prejudgment interest was proper."  Wing v. Gillis, 525 F. App'x

795, 801 (10th Cir. 2013); see also Miller v. Kelley, No. 1:12-cv-56, 2014 WL 5437023, at *7

(D. Utah Oct. 27, 2014).  Moreover, the Tenth Circuit has recently upheld this court's similar

award of prejudgment interest at a 5% interest rate in another action ancillary to the Rust Rare

Coin litigation.  Howell, 121 F.4th at 1205.

The court therefore awards the Receiver prejudgment interest at the rate of 5% per annum

from April 25, 2016, the last date the Walkers received a transfer from Rust Rare Coin.  That

amount equals $6,521.40.  The total judgment against the Walkers is therefore $21,520.21.

Post-judgment interest is also recoverable under 28 U.S.C. § 1961(a).

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.      The Receiver's Motion for Summary Judgment (ECF No. 45) is GRANTED.

2.      The court awards the Receiver $21,520.21 against Defendants Grant and Lucy

Walker, an amount that represents $14,998.81 in fraudulent and voidable transfers and $6,521.40

in prejudgment interest.

3.      The court's judgment shall bear interest calculated from the date of the entry of

the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as

published by the Board of Governors of the Federal Reserve System, for the calendar week

preceding the date of the judgment.  See 28 U.S.C. § 1961(a).

DATED this 2nd day of January, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge